**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ROBERT L. WHITTAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-211-SRC |
| | ) |
| COOK II GREEN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Robert L. Whittaker, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $2.63. Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $11.85 and an average monthly balance of $13.14. The Court will therefore assess an initial partial filing fee of $2.63, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). To determine whether an action states a claim upon which relief can be granted, the Court engages in a two-step inquiry. First, the Court determines whether the allegations in the complaint are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations are not entitled to the assumption of truth if they are merely "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court determines whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where the well-pleaded facts do not permit the inference of more than the "mere possibility of misconduct," the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see also Twombly,* 550 U.S. at 557 (if the well-pleaded facts are merely consistent with wrongdoing, the complaint stops short of the line between possibility and plausibility). Determining whether a complaint states a plausible claim is a context-specific

task that requires the court to draw upon judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## The Complaint

Plaintiff is incarcerated at the Northeast Correctional Center, but his claims for relief arose at the Southeast Correctional Center ("SECC"). He brings this action pursuant to 42 U.S.C. § 1983 against "Cook II Green," who plaintiff identifies as a member of the SECC staff. Plaintiff sues the defendant in an individual capacity.

Plaintiff alleges he was "sexually harassed while working in the kitchen at Southeast Mo. Corrections by Cook II Green." This occurred on several occasions during the time November 2018 through January 2019, while plaintiff was serving food on line one and two. The behavior

3

made plaintiff feel uncomfortable and "disrespected." It stopped when plaintiff said "enough is enough" and talked to the defendant about his behavior. Plaintiff seeks $1 million in damages.

Plaintiff grieved the matter using the prison's grievance procedure. He attached to the complaint copies of the Informal Resolution Request ("IRR"), IRR Response, Grievance, and Grievance Response, along with a copy of a letter he received advising him to contact the SECC Administration for more information about his allegations. These materials are considered part of the complaint for all purposes. Fed. R. Civ. P. 10(c).

In the IRR, plaintiff alleged that "Staff Green said some offensive stuff to [him] again which is sexually homosexual language." He alleged that Green "told [him] to take the [expletive] out of [his] mouth so he could hear [him]." On another occasion, Green held a sausage in his hand and asked plaintiff if he had ever had one in his mouth. The IRR Response noted that plaintiff had complained about Green's unprofessional and inappropriate sexual comments, that plaintiff's complaint had been placed under PREA review, and that plaintiff could proceed to the grievance stage of the process. Plaintiff then filed a Grievance in which he alleged that Green told him to "take the [expletive] out of your mouth," and on another occasion "wiggled a dinner sausage which looks [like] a hot dog and stated to [him] have you ever had one of these in your mouth." Plaintiff claimed that Green offended him, and that Green and another inmate "made light of the gesture joke."

Plaintiff attached a statement to the Grievance. Therein, he alleged that Green and an inmate named Perkins made a joke, and then one of them (presumably Green) made a comment about forcing a hot dog in plaintiff's mouth. Plaintiff was "steaming mad because [he] couldn't believe Cook II Green was disrespecting [him] again in this manner." Plaintiff fell behind in his work, and Green came to his area to help him catch up. However, Green continued to "make sexual

4

advancement and comments," and plaintiff told him to return to his own area. Green spoke to plaintiff "in a homosexual manner," which made plaintiff feel very uncomfortable. He described Green's behavior as "creepy." Plaintiff wrote: "hot dog, wiggling, standing next to me, it's all on tape."

## Discussion

The way a person is treated while incarcerated, and the conditions of his confinement, are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment and provides a "right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). A successful claim under the Eighth Amendment requires that the plaintiff show "[a] denial of safe and humane conditions" resulting "from an officer's deliberate indifference to a prisoner's safety." *Id*. (quoting *Fruit v. Norris*, 905 F.2d 1147, 1150 (8th Cir. 1990)). Deliberate indifference requires "more than mere negligence," but does not require acting "for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

In the case at bar, given the facts plaintiff has alleged in support of his claims, it is clear he cannot state a viable claim under 42 U.S.C. § 1983. Plaintiff alleges that Green engaged in verbal sexual harassment, sometimes while displaying a hot dog or sausage. Plaintiff does not allege that Green ever touched him or otherwise made physical contact. The Court has taken plaintiff's allegations as true, and certainly does not condone Green's behavior. However, it is well established that "mere words, without more, do not invade a federally protected right." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986); *see also King v. Olmsted County,* 117 F.3d 1065, 1067 (8th Cir. 1997) (a verbal threat constitutes an actionable constitutional violation only when it is so brutal or wantonly cruel as to shock the conscience), *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th

5

Cir. 1985) (mere verbal threats are insufficient to state a claim of constitutional dimension). Additionally, the Eighth Circuit has recognized that verbal sexual harassment without contact or touching does not amount to a constitutional violation. *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished table decision).

Therefore, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted. This is not a situation in which leave to amend is appropriate because plaintiff's claims clearly rest upon allegations that cannot state a viable claim for relief. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.63 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of April, 2020.

*SL R. CQ*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

7